IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT DOYLE MURPHY,            )
                                )     6:  11-CV-00979-JO
          Petitioner,           )
                                )
     v.                         )
                                )
JEFF PREMO,                     )
                                )     OPINION AND ORDER
          Respondent.           )

Anthony D. Bornstein
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

     Attorney for Petitioner

Ellen F. Rosenblum
Attorney General
Samuel A. Kubernick
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

     Attorneys for Respondent


     1 - OPINION AND ORDER

JONES, District Judge.

Petitioner, a former inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2008 decision of the Oregon Board of Parole and Post-Prison Supervision (the "Board") to revoke his parole and to order an additional term of imprisonment. For the reasons that follow, the Court DENIES the Petitioner for Writ of Habeas Corpus as MOOT.

## BACKGROUND

In 1976, petitioner pled guilty to murder and was sentenced to life with the possibility of parole. In 2007, the Board released him on parole. Thereafter, in January 2008, following a hearing, the Board revoked petitioner's parole for violating a condition of his parole prohibiting him from possessing or using alcoholic beverages and ordered him to serve an additional 60 months of imprisonment.

Petitioner sought administrative review of the Board's 2008 revocation decision, but the Board denied relief. Respondent's Exhibit 103 at 188-218. Petitioner filed for judicial review, but the Oregon Court of Appeals affirmed in a written opinion, and the Oregon Supreme Court denied review. Murphy v. Board of Parole, 241 Or.App. 177, 250 P.3d 13, rev. denied, 350 Or. 571, 258 P.3d 526 (2011); Respondents' Exhibits 102-114.

2 - OPINION AND ORDER

On August 12, 2011, petitioner filed this action.   In his Petition for Writ of Habeas Corpus, petitioner raises the following grounds for relief:

1.   Due process is violated when an accused is denied access to all relevant materials, in a timely manner, to accommodate a timely defense.   Additionally, when all relevant materials are not included, establishing a proper finding is flawed.   Petitioner has a right to an impartial due process administrative hearing. Petitioner's Due Process rights were violated under the Fourteenth (14th) Amendment to the United States Constitution.

2.   Did the Court of Appeals abuse its discretion by ruling that there was not enough evidence to satisfy the statutory requirement of Substantial Evidence?

3.   The Court of Appeals abuses its discretion when it determined that petitioner failed to raise, in any respect, an objection to the admission of the hearsay statements of Ong and Ross.   Petitioner had a right to confront and cross-examine adverse witnesses in order he receive a fair and meaningful hearing.

4.   The Court of Appeals abuses its discretion by ruling that the Board did not rely on the EtG test as the "primary or sole evidence" against petitioner.

5.   The Court of Appeals abuses its discretion by ruling the Board did not violate petitioner's Liberty where the conditions of parole were vague and unclear as to the term "intoxicating beverages."

6.   The Court of Appeals abuses its discretion when it finds petitioner is not entitled to an attorney to unravel the intricacies and application of relevant rules and laws governing the Morrissey hearing.   Particularly in light of the fact petitioner was not allowed any time in the Lane County Legal Library.   Further, petitioner has no knowledge of the procedure for providing witnesses for cross-examination.

7.   The Court of Appeals abuses its discretion by ruling petitioner was not harmed or prejudiced by the Board delivering lab reports and the chronological history,

3 - OPINION AND ORDER

five minutes prior to the Morrissey hearing?  Petitioner has a right to formulate his defense from all available information potentially used against him.  Five minutes is not enough time for this to process.[1]

In view of the fact that petitioner was released from prison on November 29, 2012, respondent moves the Court to dismiss this action with prejudice on mootness grounds.

### DISCUSSION

A.   **Standards**.

The case or controversy provision of Article III, § 2 of the Constitution "subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-478 (1955)).  This means that, throughout the litigation, petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. (quoting Lewis, 494 U.S. at 477).    Whether a case does not meet the case-or-controversy requirements of Article III, and is thus moot, is a question of federal law upon which the federal court "must pronounce final judgment."  Liner v. Jafco, 375 U.S. 301, 304 (1964) (citing Love v. Griffith, 266 U.S. 32 (1924)).

---

[1] Because the Court does not reach the merits of petitioner's claims, it declines to include here the lengthy supporting facts set forth in the Petition.  See Petition [2] at 3-8.

Assuming the "in custody" requirements of 28 U.S.C. § 2254 were met at the time of filing of a petition for writ of habeas corpus, a parolee's challenge to the legality of the underlying conviction always satisfies the case or controversy requirement. Id. This is so because "collateral consequences" of the conviction result in "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed upon him." Carafas v. LaValle, 391 U.S. 234, 237 (1968) (quoting Fiswick v. United States, 329 U.S. 211, 222 (1946)). Thus, the fact that a habeas petitioner's sentence expires during the pendency of his habeas case attacking the validity of his conviction does not render the petition moot.

The presumption of collateral consequences does not, however, necessarily extend to other contexts. A petitioner who seeks to challenge the revocation of his parole must demonstrate that continuing collateral consequences exist if the term imposed for violating parole has been served. Spencer, 523 U.S. at 14-18; see also Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir.1987) (claim moot because petitioner cannot be released from term imposed for violating parole that he has already served). Likewise, a petition challenging a Board decision to delay release on parole is rendered moot by the petitioner's subsequent release. Burnett v. Lampert, 432 F.3d 996, 2005 WL 3527123, *4 (9th Cir., Dec. 27, 2005).

B.   **Analysis**.

Petitioner argues that "[t]his Court could fashion a remedy to cure any period of invalid incarceration served by [him]." Reply to Motion to Dismiss [40] at 2. Specifically, he suggests the Court could shorten his parole term or modify his parole status by requiring the Board release him onto inactive supervision. According to petitioner, had the Board not revoked his parole, he may have been placed on inactive supervision by now. Id. at 4-5. Based on these assertions, petitioner argues he has a "personal stake in the outcome," and his case is not moot. Id. at 3 (quoting Spencer, 523 U.S. at 7).

Petitioner's arguments are unavailing. Under Oregon law, petitioner's underlying conviction determines the maximum duration of his sentence, and his ultimate sentence termination is not dependent on whether he was held in a prison as a parole sanction. Barnes v. Thompson, 159 Or.App. 383, 977 P.2d 431, 432 (1999). Similarly, the Oregon courts have determined they cannot order the Board to place a parolee on inactive status because such decision is left to the Board's discretion based on how the parolee has done on active supervision. The mere possibility that the Board might have changed an inmate from active to inactive supervision status is not the type of collateral consequence that would prevent a claim seeking immediate release from prison from becoming moot in the event the prisoner is released. Id. at 386-87. Based on this

6 - OPINION AND ORDER

reasoning, it is clear that the injury for which petitioner seeks relief cannot be redressed by this Court.  Accordingly, there is not a case or controversy and petitioner's claims are moot.

## CONCLUSION

Based on the foregoing, the Court GRANTS respondent's Motion to Dismiss [38], DENIES AS MOOT the Petition for Writ of Habeas Corpus and DISMISSES this action for lack of jurisdiction.

IT IS SO ORDERED.

DATED this __28__ day of January, 2013.

Robert E. Jones
United States District Judge

7 - OPINION AND ORDER